PIONEER SAVINGS & LOAN COMPANY *vs.* ROBERT POWERS.

October 26, 1891.

Mortgage—Proceeding under Unlawful-Detainer Act before Foreclosure.—A mortgage contained a clause authorizing the mortgagee, upon default made in the conditions thereof, "to take and receive the rents, use, occupancy, and income of the mortgaged property, so long as the default exists." *Held* not to bring the case within the provisions of Gen. St. 1878, *c.* 84, relating to forcible entries, etc., so as to authorize an action as for an unlawful detention of the property, before foreclosure.

Appeal by plaintiff from a judgment of the municipal court of Minneapolis.

*Geo. D. Emery,* for appellant.

*Adams & Pattee,* for respondent.

VANDERBURGH, J. The plaintiff brings this action against the defendant, for the alleged unlawful detention of certain mortgaged premises, and seeks the summary recovery thereof, under Gen. St. 1878, *c.* 84. The plaintiff claims under a mortgage dated July 1, 1890, and defendant is alleged and found to have been in possession on the 1st day of June, 1891, under a lease from the mortgagor, which we must assume was subsequent to the mortgage. The mortgage has not been foreclosed, and the plaintiff's right of action is based upon a covenant in the mortgage by which the mortgagee is expressly authorized, in case of default, "to at once take and receive the rents, use, occupancy, and income of said property, so long as the default exists, and foreclose the mortgage for the whole of the principal sum, with the accrued interest." Whatever right this covenant may give the plaintiff to claim the rents and enjoy the beneficial use of the property prior to the foreclosure, it does not entitle him to maintain

this action under the statute. The conventional relation of landlord and tenant between plaintiff and defendant is not shown to exist. The action would not lie against the mortgagor; and, though the defendant is lessee of the latter, plaintiff is not the assignee of the reversion, and has not succeeded to and does not occupy the position of the lessor.

Judgment affirmed.